NOT FOR PUBLICATION                                                                                    CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALEEM OUTING, | CIVIL ACTION NO: 10-4067 (FSH) |
| | CRIMINAL ACTION NO: 04-798 (FSH) |
| Petitioner, | |
| v. | **OPINION & ORDER** |
| UNITED STATES OF AMERICA | March 1, 2011 |
| Respondent. | |

Petitioner Haleem Outing submitted two motions for reduction of his sentence, pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)(A). The motions were filed under civil docket number 10-4067 and criminal docket number 04-798 respectively. After carefully reviewing the submissions of the parties, the Court denies both motions.

**I.      Factual and Procedural History**

On or about March 23, 2005, Mr. Outing entered into a plea agreement with the United States Attorney's Office for the District of New Jersey. Pursuant to this agreement, on March 29, 2005, Mr. Outing pled guilty to Count One of a Superseding Indictment charging him with conspiracy to possess with intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a) and (b)(1)(c), in violation of 21 U.S.C. § 846.

On July 27, 2005, Mr. Outing was sentenced to 120 months imprisonment and 3 years probation. Almost one year later, on June 26, 2006, Mr. Outing moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). That motion was denied on February 26, 2008, because Mr. Outing's original sentence complied with *United States v. Booker*, 543 U.S. 220 (2005), and

the Sentencing Commission had not altered the Guidelines range as required by § 3582(c)(2).

On August 9, 2010, Mr. Outing filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255.  On November 5, 2010, Mr. Outing filed a second petition pursuant to 18 U.S.C. § 3582(c)(1)(A).  Mr. Outing filed both petitions appearing *pro se*.

## II.     Discussion

Mr. Outing argues that his sentence should be reduced as a result of the extensive rehabilitation he has undergone while incarcerated. Mr. Outing argues that post-sentencing rehabilitation is a valid basis for a downward departure from the calculated guidelines range.  Mr. Outing claims he is eligible for a sentence reduction under both 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 2255.

A district court may modify a valid sentence only if a federal statute confers the court authority to do so.  *Carter v. Southerland*, No. 09-4919, 2010 WL 1325659 at *2 (D.N.J. Mar. 31, 2010).  According to the Sentencing Reform Act, a sentencing court may only modify a valid sentence in limited circumstances. *Id*.  Specifically, 18 U.S.C. § 3582(c)(1)(A) states that a court may not modify a sentence once imposed except that in any case the court, "*upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment" after making certain findings. 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

28 U.S.C. § 2255 states that a prisoner in custody under a federal court sentence may move to have the sentencing court "vacate, set aside, or correct the sentence" under certain circumstances. 28 U.S.C. § 2255(a).  As set forth below, neither claim Mr. Outing brings is meritorious.  Mr. Outing has failed to show he is eligible for a reduction or a downward departure in sentencing under either of the federal statutes.  The court evaluates each of Mr. Outing's claims in turn.

### A.     The 18 U.S.C. § 3582(c)(1)(A) claim

Mr. Outing argues that he should be granted a downward departure under 18 U.S.C. § 3582(c)(1)(A).  It appears that Mr. Outing relies on the language in 18 U.S.C. § 3582(c)(1)(A)(i), allowing a court to modify a sentence if "extraordinary and compelling reasons warrant such a reduction."  However, a District Court cannot grant a petitioner's request for modification of a sentence under this provision unless the Director of the Bureau of Prisons files a motion seeking such relief.  *Carter*, 2010 WL 1325659 at *3; *United States v. Hudson*, 44 Fed.Appx. 457, 458 (10th Cir. 2002) ("[the statute] requires that the Director of the Bureau of Prisons make such a motion, not the prisoner.").  Therefore, because the Director of the Bureau of Prisons has not filed a motion on Mr. Outing's behalf, this Court cannot grant a reduction in his sentence under § 3582(c)(1)(A).

### B.     The § 2255 Claim

Mr. Outing has made an additional motion to reduce his sentence under 28 U.S.C. § 2255.  Under § 2255, any motion is subject to a one-year statute of limitations.  28 U.S.C. § 2255(f)(1).  A petition for habeas corpus relief under § 2255 must therefore be filed within one year of the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).

Mr. Outing's first judgment of conviction was filed on July 27, 2005.  Mr. Outing subsequently filed a motion to reduce his sentence on June 26, 2006, which was later denied on February 26, 2008.  Mr. Outing did not appeal his sentence to the Third Circuit.  The Federal Rules require a defendant to file a notice of appeal within 14 days of the entry of the challenged judgment or else the judgment becomes final.  *See* FED. R. APP. P. 4(b).  Therefore, the judgment of conviction became final in or about March 2008.  If Mr. Outing intended to file a petition under § 2255, he was required to do so no later than March 2009.  Mr. Outing filed his § 2255

petition on November 5, 2010, more than one year after the statute of limitations expired. Accordingly, Mr. Outing' § 2255 petition is untimely under § 2255(f)(1).

### C. Post-Sentencing Rehabilitation

Moreover, even if this Court were to consider the merits of Mr. Outing's petitions, it would deny both petitions. Mr. Outing argues that he should be granted a downward departure as a result of post-sentencing rehabilitation. Mr. Outing relies on two cases which state that a district court has discretion to grant a downward departure based on post-sentencing rehabilitation. *See United States v. Rudolph*, 190 F.3d 720, 723 (6th Cir. 1999); *United States v. Core*, 125 F.3d 74 (2nd Cir. 1997). These cases predate the adoption of the policy statement in United States Sentencing Guidelines § 5K2.19, which states that "[p]ost-sentencing rehabilitative efforts, even if exceptional . . . are not an appropriate basis for a downward departure when resentencing the defendant for [the same] offense." *See United States v. Worley*, 453 F.3d 706, 709 (6th Cir. 2006); *Quesada-Mosquera v. United States*, 243 F.3d 685, 686 (2d. Cir. 2001). Although Mr. Outing's efforts are laudable, Mr. Outing has not set forth a sufficient basis for the Court to exercise its discretion not to follow the policy statement contained in § 5K2.19.

**THEREFORE, IT IS** on this 1st day of March, 2011, hereby

**ORDERED** that Petitioner's motion is **DENIED**; and it is further

**ORDERED** because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by Section 102 of the AEDPA, 28 U.S.C. § 2253(c), a Certificate of Appealability should **NOT** issue; and it is further

**ORDERED** that this case is **CLOSED**.

                                                     **/s/ Faith S. Hochberg**
                                                 Hon. Faith S. Hochberg, U.S.D.J.